Argued May 23, reversed and remanded for a
new trial August 27, petitioner's reconsideration denied December 13,
reconsideration by the court on its own motion allowed,
former opinion modified (43 Or App 741, 604 P2d 883)
December 24, 1979, petition for review allowed January 15, 1980

# BLANTON,
*Respondent,*

*v.*

# UNION PACIFIC RAILROAD COMPANY,
*Appellant.*

## (No. A7606-08132, CA 11120)

598 P2d 1244

Walter J. Cosgrave, Portland, argued the cause for appellant. With him on the briefs were Randall B. Kester and Cosgrave & Kester, Portland.

Jeffrey M. Batchelor, Portland, argued the cause for respondent. With him on the brief were Zig I. Zakovics and Reiter, Bricker, Zakovics & Querin, Portland.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant railroad appeals from a verdict and judgment for plaintiff, a brakeman, in an action for personal injuries under the Federal Employers' Liability Act, 45 USC § 51 et seq., and related statutes. The railroad admitted liability. The only issues tried were the extent of plaintiff's injuries and damages.

Defendant makes the following assignments of error: The trial court erred

1) by permitting plaintiff's attorney to "argue" charges of fault in opening statement, and denying defendant's motion for a mistrial on this account;

2) by permitting plaintiff to change the claim of injury;

3) by instructing the jury not to consider plaintiff's pension benefits; and

4) by refusing to reconsider and rule on defendant's motion for new trial (by presiding judge in absence of trial judge).

Plaintiff's injuries resulted from a fall after the railroad train on which he was working collided with some debris while traveling between La Grande and Pendleton.

### ALLEGED IMPROPER STATEMENTS BY PLAINTIFF'S COUNSEL

Plaintiff's opening statement included the following:

That there were 90 cars and 8 locomotives and that "even though there are all these locomotives, there is only one engineer."

That there had been a landslide caused by "construction work being done by the railroad or someone else."

That "the engineer thought he could go over the trees without much damage," and "went across the trees with the train."

That "one of the couplers broke—apparently there was a defective coupler in the train and it broke and the train came apart approximately in the middle."

[639]

That "the knuckle part—the part that joins the two cars together, one of them had fractured which it shouldn't have done, but it fractured."

That "the logical thing that I thought or you might think as well, you'd think they'd push the front portion of the train back and replace the knuckle and pull the train away," but that it was done in a different manner because of a lack of enough power.

That the oil was there "apparently because of some defect in the locomotive and because of this defect in the locomotive which the railroad acknowledges, because they have admitted they are at fault * * *. The oil shouldn't have been there."

That "obviously the railroad acknowledges they were at fault having this defective locomotive and coupler."

■ Based on our examination of plaintiff's entire opening statement we conclude that plaintiff's statements relating to fault, taken as a whole, were irrelevant and improper, and were prejudicial to defendant's right to a fair trial in view of defendant's prior admission of liability. The trial court erred in denying defendant's motion for a mistrial. *See Highway Commission v. Callahan*, 242 Or 551, 555, 410 P2d 818 (1966).

Since we conclude that the foregoing was reversible error requiring a new trial, we deem it necessary for us to discuss only the one of defendant's other assignments of error which may arise on retrial.

■ PLAINTIFF'S PENSION BENEFITS

The court's instruction on this subject was as follows:

" * * * There has been evidence received that Mr. Blanton is the recipient of a disability pension under the Federal Retirement Act. I tell you now that you are not to take this into consideration in computing the plaintiff's damages. In other words, you should neither add nor subtract for the pension in fixing the amount of any award. You should know, in connection with this matter, that on the Railroad Retirement Act the employee on a disability pension may earn up to $200 a month without losing the benefits

of his pension. In connection with the claim of damage you should know that an injured party is under a legal obligation to mitigate his damage. That is to minimize the economic loss resulting from his injury by resuming gainful employment as soon as such can reasonably be done. If a person does not resume available employment, even though he is physically able to do so, such person may not recover damages for earnings lost after the date on which he was or reasonably could have been able to return to some form of gainful employment. * * *

" * * * * *

"[Defense Attorney:] And, your Honor, further, I think it was inadvertent on the Court's part, but the Court instructed the jury that it was not to consider the pension payments in effecting the amount of damages. I submit that that was an incorrect statement of the law. What the Court followed with was correct. That they were not to add or deduct, but the evidence of pension payments, which was injected into the case by the plaintiff, can be considered by the jury on issue of motive.

"THE COURT: Oh, I think that's correct, but I think when you take that instruction as a whole it serves the desired purpose."

We do not find the court's instruction in this regard to be reversible error. While the trial court could have pointed out that the fact that plaintiff was currently receiving pension benefits could be considered on the issue of his motivation to return to work, defendant requested no such instruction. We conclude that the court's instruction as a whole adequately covered what defendant wished the jury to be aware of.

Reversed and remanded for a new trial.